RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SEP 09 2025

DANIEL J. McCOY, CLERK
BY:_____

# CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

**UNITED STATES DISTRICT COURT**
**15th Judicial District Court, Lafayette, Louisiana**

Daniel St. Julien,
Plaintiff,

v.

1. Attorneys who represented Plaintiff in the 2014 and 2017 convictions;

2. Prosecutors and staff of the Lafayette Parish District Attorney's Office;

3. Judges presiding over the 2014 and 2017 cases;

4. Department of Corrections officials responsible for incarceration and credit application,

Defendants.

Case No.: [To be assigned]

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

## I. INTRODUCTION

1. Plaintiff Daniel St. Julien brings this action under **42 U.S.C. § 1983** to redress violations of his **constitutional rights** under the **Sixth and Fourteenth Amendments**.
2. Plaintiff's rights were violated through:
   - Unlawful and excessive incarceration due to denial of proper jail credit.
   - Defective charging documents omitting essential elements.
   - Invalid plea proceedings following a trial reset.
   - **Change of legal counsel without proper notice**, depriving Plaintiff of effective assistance.
   - Denial of proper notice and opportunity to challenge charges.
3. Plaintiff does **not contest factual guilt** but seeks relief for the **deprivation of liberty, emotional and psychological harm, and violation of due process rights**.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper under **28 U.S.C. § 1331** as this action arises under **42 U.S.C. § 1983** and the U.S. Constitution.
5. Venue is proper under **28 U.S.C. § 1391** because the events giving rise to the claims occurred in this District.

## III. PARTIES

6. **Plaintiff:** Daniel St. Julien, residing in [City, State]. *Lafayette, Louisiana*
7. **Defendants:**

o State and local officials involved in Plaintiff's convictions, sentencing, and incarceration, including officials at the **Department of Corrections, prosecutors,** and other state actors responsible for enforcement of sentences.

o Defendants acted **under color of state law**, depriving Plaintiff of constitutional rights.

## IV. FACTUAL ALLEGATIONS (Chronological Order)

1. Plaintiff was convicted in two separate criminal cases in Lafayette Parish, Louisiana, in 2014 and 2017 (collectively referred to as the 'underlying convictions'). The 2014 conviction involved Indecent Behavior with a Juvenile, and the 2017 conviction involved Pornography Involving Juveniles.

2. **Pending Post-Conviction Relief:** Plaintiff currently has a **post-conviction relief hearing scheduled for November 5, 2025**, in Lafayette Parish Criminal Court regarding the convictions and sentencing errors discussed in this complaint. While those proceedings are ongoing, Plaintiff files this civil rights action to seek independent redress for constitutional violations, including over-incarceration,

### A. First Conviction (2014)

1. In 2014, Plaintiff was convicted of **Indecent Behavior with a Juvenile** under first offender law.
2. Plaintiff **served one year of incarceration**, which was **properly imposed and completed**. He also had **five years of probation**, and the **seven years** given to him was suspended.
3. At the time, Plaintiff was **credited for the time served** under this conviction.
4. **However, when the 7-year first offender sentence ran concurrently with the 10-year second conviction in 2017, the one-year credit from the 2014 conviction was never applied**, resulting in **unlawful and excessive incarceration**.

### B. Lawyer Change Without Proper Notice (2014)

5. Plaintiff's original attorney was **replaced without proper notice**, depriving Plaintiff of the **right to effective assistance of counsel** (*Strickland v. Washington, 466 U.S. 668 (1984)*).

### C. Second Conviction and Trial Reset (2017)

6. Plaintiff was charged in 2017 with **Pornography Involving Juveniles**.
7. The 2017 trial was **set, then reset on motion of the state** to facilitate Plaintiff's transport.
8. Plaintiff was present at the **reset trial date**, but at the **next court date**, no acknowledgment was made on record that the trial had been reset.
9. Neither Plaintiff nor his counsel stated a desire to waive trial rights outside the **plea colloquy**, meaning the waiver was **limited to the plea itself**.

### D. Invalid Plea Colloquy

10. Plaintiff accepted a **10-year plea** at the next court date.
11. The plea was **procedurally defective** because:
    o Critical evidence, including the **victim's age**, was **not disclosed** prior to the plea (*Brady v. Maryland, 373 U.S. 83*).
    o The **Bill of Information omitted the victim's age**, an essential element (*State v. Bankston, 539 So. 2d 442; State v. Wright, 666 So. 2d 1270*).
    o There was **no record acknowledgment of the reset trial**, preventing a fully informed decision regarding trial rights.

### E. Denial of Proper Jail Credit

12. Plaintiff's **one year of jail time served under the 2014 conviction** was **never applied as credit toward the 10-year 2017 sentence.**
13. As a result, Plaintiff's **total incarceration of 8 years, plus the one-year credit**, was

unlawful excessive, and a deprivation of liberty, violating the Due Process Clause.

**F. Wrongful Sentencing Range and Denial of Proper Relief in 2017 Case**

1. In Plaintiff's 2017 conviction for **Pornography Involving a Juvenile**, the sentencing range applied by the court was incorrect and unlawful.
2. This error was brought to the court's attention during Plaintiff's **Motion to Correct Illegal Sentence**.
3. The presiding judge acknowledged the issue but **refused to reverse the sentence directly**, instead indicating the matter should be referred to the higher courts.
4. The District Attorney initially **declined to pursue review**, but ultimately agreed to reduce Plaintiff's sentence from **ten years to eight years**.
5. Despite this reduction, Plaintiff's legal counsel **withdrew the Motion to Correct Sentence immediately after the DA signed the amendment**, without fully ensuring that Plaintiff's time served was properly credited or that all constitutional errors were addressed.
6. As a result, Plaintiff remained **over-incarcerated** and was **denied full relief to which he was entitled**, further violating his **due process and Sixth Amendment rights**.

## V. CONSTITUTIONAL VIOLATIONS

14. Defendants' actions violated:
- **Sixth Amendment**: Right to effective counsel, right to a fair trial, and right to confront evidence.
- **Fourteenth Amendment**: Due process violations through unlawful incarceration, defective plea proceedings, and denial of proper notice regarding trial and charging documents.
15. Defendants acted **under color of state law**, making them liable under **42 U.S.C. § 1983**.

## VI. CLAIMS FOR RELIEF

**Count 1: Violation of Due Process (14th Amendment)**

16. Defendants' actions in failing to apply jail credit, enforcing defective sentences, and permitting a plea without full disclosure violated Plaintiff's **right to due process**.

**Count 2: Violation of Right to a Fair Trial and Effective Counsel (6th Amendment)**

17. Plaintiff's plea was not **knowing, voluntary, or intelligent** due to:
   o Lack of disclosure of critical evidence, including victim age.
   o Defective trial record regarding the reset trial.
   o **Change of legal counsel without notice**, violating the right to effective assistance.

**Count 3: Unlawful Incarceration / Deprivation of Liberty**

18. Defendants' failure to apply jail credit and defective sentencing caused **unlawful incarceration** for **8 years plus the one-year credit not received**.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Declare that both the 2014 and 2017 convictions are **unlawful and unconstitutional**.
2. Award **compensatory damages** for deprivation of liberty, emotional and psychological harm, and lost earning capacity.
3. Award **punitive damages** for deliberate or grossly negligent violation of rights.
4. Grant **pre- and post-judgment interest**, attorney's fees, and costs under **42 U.S.C. § 1988**.
5. Grant any other relief the Court deems just and proper.

**DATED:**

**Respectfully submitted,**

Daniel St. Julien

302 Marseilles Drive Lafayette La 70506
337-267-0098
st.julien321@gmail.com