UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DANIEL ST JULIEN**                     CASE NO. 6:25-CV-01328

**VERSUS**                               JUDGE ROBERT R. SUMMERHAYS

**UNKNOWN ATTORNEYS ET AL**              MAGISTRATE JUDGE CAROL B. WHITEHURST

### REPORT AND RECOMMENDATION

Plaintiff, Daniel St. Julien, filed this lawsuit without the assistance of legal counsel and *in forma pauperis*. His complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether his claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. For the following reasons, the Court recommends that this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

### Facts and Procedural History

Plaintiff filed this civil rights complaint under 42 U.S.C. §1983 against unnamed attorneys who represented him in 2014 and 2017 convictions in state court, unnamed prosecutors, presiding judges, and Department of Corrections officials. He alleges that he was convicted in separate cases in 2014 and 2017 and that a post-conviction relief hearing is scheduled for November 5, 2025. He raises procedural challenges to the underlying convictions and alleges constitutional violations for

alleged failure to apply jail credit, defective sentences, and improper plea. (Rec. Doc. 1).

## Law and Analysis

### I. Standards Applicable to *pro se* and *in forma pauperis* Litigants

Plaintiff is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not

entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff filed a motion for *in forma pauperis* status along with his complaint. An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A dismissal "at any time" includes dismissal at the initiation of the action, before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989). A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack

any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*, and dismissal is appropriate if a complaint has no "realistic chance of ultimate success" or is "clearly baseless." *Green v. McKaskle*, 788 F.2d at 1119-20; *Denton v. Hernandez*, 504 U.S. at 32. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Brewster v. Dretke*, 587 F.3d at 767. A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213; *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief

that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

## II. Whether Plaintiff's Complaint states a claim.

Plaintiff sued his unidentified criminal attorneys, prosecutors, judges, and Dept. of Corrections officials regarding two underlying state court convictions. Plaintiff did not allege whether his criminal attorneys were court-appointed. Regardless, neither a privately retained attorney nor a state-appointed attorney is considered to have acted under color of law, a requirement for any §1983 claim. *Polk County v. Dodson*, 454 U.S. 312 (1981).

Prosecutors and judges enjoy absolute immunity from suits such as this one. *Wearry v. Foster*, 33 F.4th 260, 266 (5th Cir. 2022) (discussing absolute prosecutorial immunity); *Jones v. King*, 148 F.4th 296, 300 (5th Cir. 2025) ("[J]udges enjoy absolute immunity for judicial acts performed in judicial proceedings."). Similarly, Plaintiff's claims against unidentified Dept. of Corrections officials lack any supporting facts and are barred by Eleventh Amendment immunity. *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 314 (5th Cir. 1999). Accordingly, the Court finds that Plaintiff's complaint against unnamed defendants, all of whom are immune under the facts alleged, fails to state a claim upon which relief may granted and should be dismissed with prejudice.

### III. <u>Conclusion</u>

Accordingly, IT IS RECOMMENDED that all claims against unnamed attorneys who represented plaintiff regarding his 2014 and 2017 convictions in state court, unnamed prosecutors, presiding judges, and Department of Corrections officials be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 15th day of September, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE